IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| TERRELL LOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 26-cv-259-RJD |
| v. | ) | |
| | ) | |
| COMPREHENSIVE BEHAVIORAL | ) | |
| HEALTH CENTER OF ST. CLAIR | ) | |
| COUNTY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff's Motion to Remand (Doc. 12), to which Defendant responded (Doc. 21) and Plaintiff filed a reply (Doc. 22). As explained further, Plaintiff's Motion is TAKEN UNDER ADVISEMENT.

**Introduction**

On January 26, 2026, Plaintiff filed her Complaint against Comprehensive Behavior Health Center of St. Clair County, Inc. ("CBHC") in the Circuit Court of St. Clair County, Illinois. Doc. 1-2, pp. 1, 3. Plaintiff formerly worked at CBHC as an assistant manager for its residential transitional living program for individuals with serious mental health disabilities. *Id*. at ¶5. Plaintiff alleges that she observed and reported conduct that was "discriminatory and abusive" towards residents, and CHBC retaliated against her and ultimately fired her because she opposed CHBC's discriminatory and abusive practices towards residents. *Id*. at ¶¶15-18. Plaintiff also alleges that CHBC required her to be "on call" without pay. *Id*. at ¶18.

Page **1** of **4**

**Discussion**

Defendant removed the case to this Court, citing the Court's jurisdiction to decide cases involving questions of federal law as the basis for removal.  Doc. 1.  Plaintiff's Complaint contains four claims that allege CHBC violated the following Illinois statutes: (1) Count I: the Illinois Whistleblower Act ; (2) Count II: the Illinois Human Rights Act; (3) Count III: the Illinois Minimum Wage Law; (4) Count IV: the Illinois Wage Payment and Collection Act.   Defendant contends that Plaintiff's Complaint raises a question of federal law because Plaintiff alleged that she is entitled to "liquidated damages where applicable" in Count III.   The Fair Labor Standards Act ("FLSA", a federal law) provides that "any employer who violates [the FLSA] shall be liable to the employee…affected in the amount of their unpaid minimum wages….and in an additional equal amount as liquidated damages." 29 U.S.C. §216(b).   The Illinois Minimum Wage Law does not provide for successful plaintiffs to receive an additional amount equal to their unpaid wages, nor does it use the term "liquidated damages." Instead, it allows for "damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid."    820 ILCS 105/12(a).

In her Motion to Remand, Plaintiff explains that her request for 'liquidated damages where applicable" in Count III is a "generic request" and highlights that the Complaint "does not say Plaintiff seeks liquidated damages under the FLSA."    Also in Count III, Plaintiff requests unpaid wages, overtime compensation, statutory damages, and reasonable attorney's fees-all of which are available under both the FLSA and IMWL. 29 U.S.C. §216(b); 820 ILCS 105/12(a).

As the party invoking the Court's jurisdiction, the burden rests with Defendant to establish that this case belongs in federal court.   This Court has federal question jurisdiction only if the "well-pleaded complaint" presents a federal question.  *Caterpillar Inc. v. Williams*, 482 U.S. 386,

392 (1987).   Plaintiff is "the master of the claim" and can avoid litigating this case in federal court by exclusively relying on state law.   *Id*.   Thus, the issue before this Court is whether Plaintiff's Complaint exclusively relies on state law.   The undersigned is not entirely persuaded by Defendant's argument that Plaintiff's Complaint contains a federal claim simply because Plaintiff referred to "liquidated damages" in Count III.   Count III explicitly states that it arises under the Illinois Minimum Wage Law.   It appears that Plaintiff simply made a word choice error when requesting statutory damages.

However, Defendant also points the Court to paragraphs 1 and 3 of the Complaint, which allege the following:

> 1.  Plaintiff…is a resident and citizen of St. Clair County, Illinois and was an "employee" of Defendant as defined in the Illinois Whistleblower Act, and a nonexempt employee covered by the Illinois Minimum Wage Law and the Fair Labor Standards Act.
>
> 3.  Defendant is an "employer" within the meaning of the Illinois Whistleblower Act, the Illinois Human Rights Act, the Illinois Minimum Wage Act, and the Fair Labor Standards Act.

(citations to statutes omitted).   Defendant argues that if Plaintiff "was solely seeking recovery pursuant to the IMWL, there was no need to include both the FLSA definitions of employee and employer."   It is not clear to this Court why Plaintiff alleged that she was an employee under the FLSA, or that CHBC is an employer under the FLSA.   The Court recognizes that there are specific references to the FLSA within the IMWL, but Plaintiff has not explained how those references apply to her claims.   Plaintiff requests that the Court grant her leave to amend her Complaint to remove any ambiguities regarding whether she is seeking relief under the FLSA.   At this point,

considering the apparently mistaken inclusion of "liquidated damages" and references to the FLSA, and considering that this Court "should freely give leave [to amend] when justice so requires", Plaintiff is GRANTED leave to amend her Complaint. Fed. R. Civ. P. 15(a)(2). Plaintiff shall file her amended complaint on or before April 28, 2026.   Within seven days after Plaintiff files her Amended Complaint, Defendant may file a supplemental briefing on the Court's jurisdiction in this matter.   The Court will then rule on Plaintiff's Motion to Remand. In the meantime, the Rule 16 conference set for April 27, 2026 is CANCELLED.

**IT IS SO ORDERED.**

**DATED: April 24, 2026**

s/ *Reona J. Daly*

**Hon. Reona J. Daly**
**United States Magistrate Judge**